PD-0139-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/6/2015 3:50:54 PM
Accepted 2/6/2015 4:19:53 PM
ABEL ACOSTA
CLERK

PD-0139-15

NO. _____

IN THE COURT OF CRIMINAL APPEALS

STATE OF TEXAS

OSCAR DAVID PARDO,

PETITIONER

VS.

THE STATE OF TEXAS,

RESPONDENT

---

PETITION IN CAUSE NUMBER 04-13-00530-CR
APPEALED FROM THE 379TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS AND THE COURT OF APPEALS
FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS

---

PETITION FOR DISCRETIONARY REVIEW
REVISED

---

FILED IN
COURT OF CRIMINAL APPEALS

February 6, 2015

ABEL ACOSTA, CLERK

**BARRY P. HITCHINGS**
**645 South Presa**
**San Antonio, Texas 78210**
**(210) 224-1433**
**(210) 224-4840 (telecopier)**
**hpb@stic.net**

**ATTORNEY FOR PETITIONER**
**State Bar No. 09723600**

## IDENTITY OF PARTIES, COUNSEL AND JUDGES

APPELLANT/PETITIONER: **Oscar David Pardo**

TRIAL DEFENSE
ATTORNEYS:
  **Mr. Donald J. Mach (Deceased)**
  State Bar No. 12760300
  P.O. Box 15186
  San Antonio, Texas 78212-8386
  (210) 872-6565

TRIAL PROSECUTORS:
  **Ms. Lorina Rummel**
  State Bar No.

  **Mr. Karl Alexander**
  State Bar No. 24036122

  Assistant Criminal District Attorneys
  Paul Elizondo Tower
  101 W. Nueva, 5th Floor
  San Antonio, Texas 78205
  (210) 335-2311

APPELLATE DEFENSE
ATTORNEY:
  **Barry P. Hitchings**
  State Bar No. 09723600
  645 South Presa
  San Antonio, Texas 78210
  (210) 224-1433
  (210) 224-4840 (fax)

APPELLATE STATE'S
ATTORNEY:
  **Laura E. Durbin**
  State Bar No. 24068556

  Assistant Criminal District Attorney
  Paul Elizondo Tower
  101 W. Nueva, 5th Floor
  San Antonio, Texas 78205
  (210) 335-2311

TRIAL JUDGE:
  **Judge Ron Rangel**
  379th District Court
  Bexar County Justice Center
  300 Dolorosa

San Antonio, Texas 78205

APPELLATE JUSTICES:    **Marialyn Barnard**
**Sandee Bryan Marion**
**Luz Elena D. Chapa**

iii

# TABLE OF CONTENTS

IDENTITY OF PARTIES, COUNSEL AND JUDGES ................. ii-iii

TABLE OF CONTENTS ......................................... iv

INDEX OF AUTHORITIES ...................................... v

STATEMENT REGARDING ORAL ARGUMENT ...................... vi

STATEMENT OF THE CASE ...................................... 1

STATEMENT OF PROCEDURAL HISTORY ......................... 1-2

GROUND FOR REVIEW ......................................... 2

> The Court of Appeals erred in holding that the trial court did not abuse its discretion in granting the State's Challenge for Cause and dismissing venire member 17 when venire member 17 did not state that: (1) he could not follow the law because he could not sit in judgment of another person and (2) he (absolutely) would and could not follow the law and apply the law to the facts

ARGUMENT ................................................ 2-12

PRAYER FOR RELIEF ......................................... 12

CERTIFICATE OF COMPLIANCE ................................ 13

CERTIFICATE OF SERVICE .................................... 13

APPENDIX ................................................. 14

iv

# INDEX OF AUTHORITIES

**TEXAS CASES**                                                      **Page(s)**

Esquivel v. State, 595 S.W. 2d 516 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . 9

Feldman v. State, 71 S.W.3d 738 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . 11

Gonzales v. State, 353 S.W.3d 826 (Tex. Crim. App. 2011 . . . . . . . . . . . . . . . 4

Hendrickson v. State, 500 S.W. 2d 491 (Tex. Crim. App. 1973) . . . . . . . . . . . . 9

Martinez v. State, 621 S.W. 2d 797 (Tex. Crim. App. 1981) . vi, 6, 7, 8, 9, 10, 11

Moore v. State, 542 S.W. 2d 664 (Tex. Crim. App. 1976) . . . . . . . . . . . . . . . . 9

Payton v. State, 572 S.W.2d 677 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . 9

Pearce v. State, 513 S.W.2d 539 (Tex. Crim. App. 1974) . . . . . . . . . . . . . . 9, 10

Sanne v. State, 609 S.W. 2d 762 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . 9

Valore v. State, 545 S.W. 2d 477 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . 9

**TEXAS STATUTES AND CODES**

TEX. CRIM. PROC. CODE ANN. Art 35.16 (b) 3 (Vernon 2013) . . . . vi, 10, 12

## Statement Regarding Oral Argument

Oral argument is requested in this case since the Texas Court of Appeals' ruling in the Petitioner's case conflicts with an applicable *en banc* decision of the Texas Court of Criminal Appeals in Martinez v. State, 621 S.W.2d 797 (1981). In Martinez, a venire member expressed "a disinclination to accept responsibility" in judging another person by telling the trial court judge that "I don't think I am qualified to sit in judgment of another human being" and "I think the responsibility is more awsome [*sic*] than I want to accept to judge another human being. . . ." Martinez at 798. The Martinez trial court thereupon on its own motion "struck" the venire member for cause. In the Petitioner's case, a veniremember informed the court that "I don't feel comfortable sitting in judgment of anyone else."(RR. Vol. 2, 61-62). The State challenged the venire member for cause which was granted by the trial court. The logic of the Texas Court of Criminal Appeals' ruling in Martinez that "it is not proper to exclude from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold" is equally applicable to criminal cases in which the State makes a challenge for cause pursuant to Article 35.16 of the Texas Code of Criminal Procedure. The Court of Appeals' ruling in this case fails to even address the Court of Criminal Appeals' ruling in Martinez. Oral argument would be helpful to address the contradictions in the ruling in Martinez to the ruling in Petitioner's case.

vi

## Statement of the Case

Petitioner was charged by indictment with the offense of Injury to a Child Serious Bodily Injury-Repeater.(CR.4). A trial was held before a Jury which found the Petitioner guilty of Injury to a Child as alleged in the Indictment. (CR.-15, 26-27; RR. Vol.5, p.53). Following a punishment hearing, the Judge assessed punishment by confinement for a term of forty (40) years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $1,500.00. (CR-26-27; RR Vol.6, p. 58).

## Statement of Procedural History

Following the trial court's assessment of a forty (40) year sentence and a $1,500.00 fine, the Petitioner filed a Notice of Appeal and filed an Appellant's Brief with the Fourth Court of Appeals. The Fourth Court of Appeals affirmed the ruling of the trial court in a Memorandum Opinion dated December 17, 2014.(See Appendix). The Petitioner timely filed a Motion for Rehearing with the Fourth Court of Appeals which was denied by the Fourth Court of Appeals in an Order dated January 8, 2015. (See Appendix)

## Ground for Review

The Court of Appeals erred in holding that the trial court did not abuse its discretion in granting the State's Challenge for Cause and dismissing venire member 17 when venire member 17 did not state that: (1) he could not follow the law because he could not sit in judgment of another person and (2) he (absolutely) would and

1

could not follow the law and apply the law to the facts.

## Argument

In its December 17, 2014 Memorandum Opinion and Judgment, the Court of Appeals ruled that the trial court "did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17" (*i.e.* Kevin Post) since venire member number 17 "expressed prejudice, 'in essence', against all phases of the applicable law." (See Appendix-Fourth Court of Appeals' Opinion at pages 6-7). However, a detailed review of the facts as shown in the reporter's record shows that such was not the case.

Venire member 17 (Kevin Post)'s specific statements were: (1) "I have a question"; (2) "My thing is, I can make a judgment, but under these kind of circumstances" [when he was interrupted by the prosecutor before he could finish his statement]; (3) "Right. I just wanted to be sure"; (4) "Yeah, I don't feel comfortable in sitting in judgment of anyone else"; and (5) "Nope" [when asked by Petitioner's trial attorney if he had raised his hand to anything else]. (RR. Vol. 2, pp. 61-62, 116-117).

At the conclusion of the voir dire the State requested that venire member Kevin Post be brought up to the trial court bench for individual questioning. Before Mr. Post was brought up before the trial court bench the following exchange took place

2

between the State's attorney, the defense trial attorney and the trial court judge:

> MS. RUMMEL: The State requested to bring up Number 17 [Mr. Kevin Post].
>
> THE COURT: All right. So Number 17, the State's going to challenge him?
>
> MS. RUMMEL: Uh-huh.
>
> THE COURT: All right. He mentioned in several different instances he would not be fair and he is the individual that said that he could not sit in judgment of another one; is that correct?
>
> MS. RUMMEL: Yes. And then I followed - - I believe that I said, Will you follow the law and can you render a verdict, and he said, **No, I can't do it. Won't follow the law, Judge**.
>
> MR. MACH: Let's give him a chance.
>
> THE COURT: All right. I'm going to grant the State's challenge for Number 17.
>
> MR. MACH: Well, Your Honor, I respectfully request a chance to rehabilitate him.
>
> THE COURT: Yes, sir. You had an opportunity to question him during voir dire and you did talk to him in voir dire and I'll deny that.

(RR. Vol. 2, pp. 153-154)(emphasis added)

The Petitioner's trial attorney objected to the exclusion of Venireperson

Number 17 (Kevin Post) by the trial court, requested additional preemptory strikes,

3

objected to venireperson numbers 31 and 33 being included with the jury and moved for a mistrial which was all denied by the trial court. (RR. Vol 2, pp. 168-170; RR. Vol 3, pp. 6-7,14)).

After reviewing the reporter's record (as cited above) the Fourth Court of Appeals concluded that:

> "the essence" of the statements made by venire member number 17 was that he could not follow the law because he could not sit in the judgment of another person. When asked whether he would follow the law and apply the law to the facts, venire member number 17 expressed that he absolutely could not do it. Thus, venire member number 17 expressed prejudice, "in essence", against all phases of the applicable law. Because bias or prejudice against any law upon which the State intends to rely is a proper ground for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17. *See Gonzales*, 353 S.W.3d at 831.

Court of Appeals Opinion at pp. 6-7. However, the conclusion of the Court of Appeals that venire member number 17 stated that: (1) he could not follow the law because he could not sit in the judgment of another person; and (2) he (absolutely) would not follow the law and apply the law to the facts is contrary to the statements made by venire member 17 [Mr. Post] in the reporter's record.

The alleged statements attributed to venire member 17 that he (1) **could not** follow the law, (2) **could not** sit in the judgment of another person, and (3) he

4

**absolutely could not** follow the law and apply the law to the facts were not statements made by venire member number 17, but were in fact statements and arguments made by the prosecutor Lorina Rummel which she attributed to venire member number 17. (RR. Vol. 2, pp. 61-62). Venire member 17's only **"mistake"** was to raise his hand because he had "a question." (RR. Vol. 2, pp. 61-62). The Court Reporter stopped the prosecutor to inform the prosecutor that – "**He** said, I'm not sure I understood the question." (RR. Vol. 2, p. 62). The venire member responded by stating:

> VENIREPERSON: My thing is, **I can make a judgment, but under these kind of circumstances - -**

when he was interrupted by the prosecutor before he could finish his statement. (RR. Vol 2, p. 62). When Petitioner's trial attorney complained to the trial judge that "she just cut him off" the trial judge informed Petitioner's trial attorney that "you're welcome to follow up when it's your turn and ask whatever you desire." (RR. Vol 2, pp. 61-63). When Petitioner's trial attorney questioned venire member 17 (Mr. Post), if he had raised his hand to anything, Mr. Post responded by stating:

> VENIREPERSON: Yeah. **I don't feel comfortable in sitting in judgment of anyone else. . . . and I don't feel comfortable with it.**

(RR. Vol. 2, p.117)(emphasis added). When the Petitioner's trial attorney asked

5

venire member 17 if he had raised his hand to anything else, venire member 17 responded – "Nope." (RR. Vol 2, p. 117).

In granting the State's motion to strike venire member 17 (Mr. Post)the trial court judge showed confusion as to the statements actually made by Mr. Post when the trial judge stated:

> THE COURT: All right. **He mentioned** in several instances **he would not be fair** and he is the individual that **said he could not sit in judgment of another one;** is that correct?
>
> MS. RUMMEL: Yes. And then I followed - - I believe that I said, **Will you follow the law** and **can you render a verdict**, and **he said, No, I can't do it. Won't follow the law. Judge**.

(RR. Vol 2, p. 153)(emphasis added). However, the statements of the trial court judge and the prosecutor attributed to Kevin Post (venire member number 17) are not supported by the reporter's record and are, in fact, contrary to the reporter's record. Such statements are solely the prosecutor's argument, not the statements of venire member number 17.

The Court of Appeals' December 17, 2014 Memorandum Opinion and Judgment ignores the Texas Court of Criminal Appeals opinion in Martinez v. State, 621 S.W.2d 797 (Tex. Crim. App. 1981) which was argued at length by Petitioner in his "Appellant's Brief and Reply Brief of Appellant." In the Texas Court of Criminal Appeals *en banc* opinion in Martinez, a venire member Mr. Clifford, following

6

general and individual voir dire, was called to the bench to answer specific questions. While answering questions by the trial court judge, venire member Clifford stated "I don't think I am qualified to sit in judgment of another human being" and "I think the responsibility is more awsome [*sic*] than I want to accept to judge another human being" when the trial court judge interrupted the prosecutor and stated "I am going to excuse him" over the objections of Martinez' attorney. Id. at 798.

In comparing venire member Clifford (in Martinez) with venire member Post in Petitioner's case, there are striking similarities and differences. Venire member Clifford was questioned at the bench following general and individual voir dire. Despite the State's request to bring venire member Kevin Post before the bench to question him, the trial court judge granted the State's challenge for cause (to venire member Post) over the objection of Petitioner's trial attorney without either side having an opportunity to question venire member Post before the bench (despite such a request by the State). As noted previously, the trial court judge showed confusion as to the statements actually made by venire member Post when the trial court judge commented that "[h]e mentioned in several instances that he could not be fair and he is the individual that said he could not sit in judgment of another. . . ." (RR. Vol. 2, p. 153). The trial court judge granted the State's challenge for cause based upon the prosecutor's erroneous claims attributed to venire member Post that – "I believe that

7

I said, Will you follow the law and can you render a verdict, and he said, No, I can't do it. Won't follow the law, Judge." (RR. Vol. 2, pp. 153-154). However, the record fails to show such statements by venire member Post. When Petitioner's trial attorney stated - "Let's give him a chance" the trial court judge responded by stating – "I'm going to grant the State's challenge for Number 17." (RR. Vol. 2, p. 154).

Venire member Clifford in Martinez expressed the same reservations as venire member Post when venire member Clifford told the trial court judge that "I don't think I am qualified to sit in judgment of another human being" and "I think the responsibility is more awsome [*sic*] than I want to accept to judge another human being. . . ." Martinez at 798. Both venire members Clifford (in Martinez) and Post (in Petitioner's case) expressed "a disinclination to accept responsibility" in judging another person. Venire member Clifford was "struck" for cause by the trial court in Martinez for expressing such a disinclination. After the State requested that venire member approach the bench for questioning, venire member Post was "struck" for cause by the trial court before either the State or the Petitioner questioned venire member Post before the bench. The trial court judge granted the State's challenge for cause to venire member Post in Petitioner Pardo's case based upon the same reservations and disinclination expressed by venire member Clifford in the Martinez case.

8

The Texas Court of Criminal Appeals in Martinez in quoting from Esquivel v. State, 595 S.W.2d 516, 524 (Tex. Crim. App. 1980) noted that the Esquivel court reiterated the well settled rule that:

> [a] trial judge should not on its own motion excuse a prospective juror for cause unless he is *absolutely disqualified* from serving on a jury. This rule is also stated in Sanne v. State, 609 S.W.2d 762, 770 (Tex.Crim.App. 1980), Valore v. State, 545 S.W.2d 477 (Tex.Crim.App. 1977), Moore v. State, 542 S.W.2d 664 (Tex.Crim.App. 1976), Pearce v. State, 513 S.W.2d 539 (Tex.Crim.App. 1974) and Hendrickson v. State, 500 S.W.2d 491 (Tex.Crim.App. 1973).

Id. at 797-798. (Emphasis Texas Court of Criminal Appeals). The Texas Court of Criminal Appeals in Martinez in reversing the judgment of the trial court emphasized that under the Texas Code of Criminal Procedure – "A disinclination to accept responsibility is not listed as a reason for the trial judge *sua sponte* to excuse a venire person" and "[t]he trial court judge clearly erred." Id. at 799.

After finding reversible error in Martinez, the Texas Court of Criminal Appeals in its *en banc* opinion then proceeded to decide whether the trial court's error in Martinez was harmful. The Texas Court of Criminal Appeals in Martinez noted that:

> [i]n Payton v. State, 572 S.W.2d 677, 680 (Tex.Crim.App. 1978) the Court set forth a **test** devised **to show harm** for the erroneous exclusion of a qualified juror:
>
> 'Harm may be shown in the **erroneous exclusion** of a qualified juror by showing that the State exhausted its preemptory

challenges.' See also, *Pearce v. State,* supra.

Martinez at 799. (Emphasis Added). After examining the trial court record showing the lists of preemptory challenges, the Texas Court of Criminal Appeals in Martinez noted that the record showed that the State had exhausted its preemptory challenges. The record in Petitioner Pardo's case shows that both the State and the Defense exhausted their preemptory strikes.(Sealed Supplemental CR-Defense and State's Lists). Petitioner Pardo's request for additional preemptory strikes was denied by the trial court. (RR Vol 2, p.170; RR Vol 3, p.14). In its harm analysis, the Texas Court of Criminal Appeals in Martinez concluded that:

> [t]he effect of the trial court's action, "from the perspective of the defendant, [was] the same as if the State had been given an extra preemptory challenge." *Payton v. State,* supra. As the Petitioner argued in his brief, **it is not proper** "to **exclude** from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold. **Harm now appearing**, the ground must be sustained.
>
> The judgment is reversed, and the cause remanded.

Martinez at 799. (emphasis added).

Although Martinez represents a case in which the trial court on its own motion "struck" a veniremember for cause, Article 35.16 of the Texas Code of Criminal Procedure (entitled "Reasons for Challenge for Cause")addresses challenges for cause made by either the state or the defense. Specifically, Article 35.16 (b) 3 provides that:

10

> [a] challenge for cause may be made by the State for any of the following reasons: . . . .
> 3. That he [a juror] has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment.

In <u>Gonzales v. State</u>, the Texas Court of Criminal Appeals ruled that in applying such a standard to a venire member:

> [t]he test is whether the venireperson's "bias or prejudice would substantially impair [his] ability to carry out his oath and instructions in accordance with the law." *citing* <u>Feldman v. State</u>, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). To establish that the challenge for cause is proper, the proponent of the challenge must show that the venireperson understood the requirements of the law and could not overcome his prejudice well enough to follow the law. <u>Feldman</u> at 747. So before a venireperson may be excused for cause on this basis, the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views.

353 S.W.3d 826, 831-32.

Venire member 17 [Kevin Post] made five (5) statements in response to questioning by the State and the defense in which he stated his ability to make a judgment but that he simply did not feel comfortable sitting in judgment of anyone else. The statements attributable to venire member Post [by the State] that: "he could not be fair", "could not sit in judgment of another one", he "can't follow the law", "won't follow the law" and "can't render a verdict" are simply not supported by the record.

The logic of the Texas Court of Criminal Appeals' opinion in <u>Martinez</u> that "it is **not proper** to **exclude** from a jury those of the 'reluctant' mold in favor of those of the 'eager' mold" is equally applicable to criminal cases in which the State makes a challenge for cause pursuant to Article 35.16 (b) 3 of the Texas Code of Criminal Procedure. As harm was found in <u>Martinez</u> by a trial court judge on its own motion excusing a prospective juror, harm likewise exists in Petitioner Pardo's case.

## Prayer for Relief

WHEREFORE, Petitioner prays that this Honorable Court of Criminal Appeals will grant this Petition for Discretionary Review. Petitioner further prays that upon reviewing the decision of the Fourth Court of Appeals, that this Court reverse the decision and enter a ruling reversing the judgment of the trial court and the Fourth Court of Appeals and remand this case for a new trial.

Respectfully submitted,

LAW OFFICES OF
HITCHINGS & POLLOCK
645 South Presa
San Antonio, Texas 78210
(210) 224-1433
(210) 224-4840 (telecopier)

By: /S/ Barry P. Hitchings
    BARRY P. HITCHINGS
    State Bar No. 09723600
    ATTORNEYS FOR Petitioner

12

## CERTIFICATE OF COMPLIANCE

1.    This Petition for Discretionary Review complies with the type-volume limitation of TEX. R. APP. P. 9.4 (i)(1)(2)because this brief contains 2,846 words, excluding parts of the brief exempted by TEX. R. APP. P. 9.4 (i)(1).

2.    This Petition for Discretionary Review complies with the typeface and type style requirements of TEX. R. APP. P. 9.4 (e) because this Petition for Discretionary Review has been prepared in a proportionally spaced typeface using Word Perfect X4 for Windows in 14 point font size and Times New Roman type style.

/S/ Barry P. Hitchings
BARRY P. HITCHINGS
Attorney for Appellant Oscar David Pardo
Dated: February 6, 2015

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of February, 2015, a true and correct copy of this Petition for Discretionary Review was served by e-filing at laura.durbin@bexar.org and hand-delivered to the Bexar County Criminal District Attorneys Office, Paul Elizondo Tower, 101 W. Nueva Street, San Antonio, Texas 78205 and served upon the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 by e-filing at information@spa.texas.gov.

/S/ Barry P. Hitchings
BARRY P. HITCHINGS

13

# APPENDIX



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00530-CR

Oscar David **PARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5260
Honorable Ron Rangel, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

AFFIRMED

A jury convicted appellant Oscar David Pardo of injury to a child. The trial court sentenced Pardo to forty years' confinement and assessed a $1,500.00 fine. On appeal, Pardo contends the trial court erred in: (1) granting the State's challenges for cause as to two venire members; and (2) admitting evidence of alleged extraneous offenses in violation of Rule 403 of the Texas Rules of Evidence. We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary to our disposition. Accordingly, we provide a brief background for context in relation to the issues raised.

Pardo and his girlfriend lived with Pardo's parents. The girlfriend had two children from a previous relationship — a five-year-old boy and a five-month-old boy. On one occasion, while the girlfriend was at school, Pardo's parents and the five-year-old left the house, leaving Pardo with the infant, O.M. When his parent's returned, they discovered O.M. was injured. O.M. was taken to the emergency room where he was diagnosed with a subdural hematoma, requiring surgery and a two-month hospital stay. Pardo testified the infant was injured while he was bathing him. According to Pardo, when the child was splashed with water, he jumped back and struck his head.

The Texas Department of Family and Protective Services ("the Department") became involved, removing O.M. from the home. Under the reunification plan established by the Department, O.M.'s mother was required to keep the children away from Pardo. Pardo was ultimately charged with injury to a child.

During the voir dire proceedings, venire member number 8 admitted he was biased against the State, and venire member number 17 admitted he could not sit in judgment of another. Pardo's attorney had an opportunity to question each venire member about their admissions. The State challenged each venire member for cause. Pardo objected to the State's challenges and requested an opportunity to rehabilitate the challenged members. The trial court overruled Pardo's objection and dismissed both venire members. Pardo's attorney then asked for additional peremptory strikes, which the trial court denied.

At trial, the State called six witness. One of the witnesses was a caseworker for the Department who was involved with O.M. and his mother. The caseworker testified that because

Pardo was suspected of abusing O.M., the child's mother "was not allowed to let the children have access to Mr. Pardo." The caseworker also testified the mother's parental rights to O.M. were ultimately terminated because of physical abuse.

After the caseworker provided some testimony without objection, Pardo's attorney asked to approach the bench to discuss the caseworker's testimony. During an *in camera* hearing, the parties and the trial court discussed the boundaries of the questions the State intended to pose to the Department caseworker. Pardo objected to the proposed testimony on grounds of relevancy and lack of probative value. The record establishes the trial court understood the objection to be a Rule 403 objection and conducted a balancing test, weighing the probative value of the testimony against the potential prejudicial impact. The trial court concluded the probative value of the evidence outweighed any potential prejudicial effect and permitted the State's questioning to continue over Pardo's objection.

Ultimately, the jury convicted Pardo of injury to a child, and the trial court sentenced him to forty years' confinement. Thereafter, Pardo perfected this appeal.

## ANALYSIS

As noted above, Pardo complains about events during the voir dire process and the admission of the caseworker's testimony. More specifically, Pardo contends the trial court erred in: (1) granting the State's challenge for cause as to venire member number 8; (2) granting the State's challenge for cause as to venire member number 17; and (3) admitting evidence of extraneous alleged offenses because the prejudicial effect of the evidence outweighed the probative value.

-3-

## *Venire Members Dismissed for Cause*

### *Standard of Review*

We review the entire record of the voir dire proceedings to determine if the trial court properly granted a challenge for cause. *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). An appellate court must give great deference to the trial court's decision to grant a challenge for cause "because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice." *Id.* Therefore, we reverse a trial court's ruling on a challenge for cause only if it is evident the court committed a clear abuse of discretion. *Id.*

### *Application*

In his first two issues, Pardo contends the trial court erred in granting two of the State's challenges for cause. Venire member number 8 was dismissed because he expressed bias against the State. Venire member 17 was dismissed because he expressed an inability to sit in judgment of another. Pardo also contends the trial court should have permitted him an opportunity to rehabilitate the venire members before they were summarily dismissed and given him two additional peremptory strikes. The State counters, arguing the venire members were properly dismissed because both expressed an inability to follow the law, and Pardo had an opportunity to rehabilitate the venire members, but could not.

The Texas Code of Criminal Procedure ("the Code") permits either the State or the defense to challenge a particular venire member for cause. TEX. CODE CRIM. PRO. ANN. art. 35.16 (West 2006). The Code provides that a venire member may be challenged for cause when he "has a bias or prejudice in favor of or against the defendant . . . [or] the law upon which either the State or the defense is entitled to rely." *Id.* art. 35.16(a)(9), (c)(2). The test is whether the venire member's bias or prejudice would substantially impair his ability to follow his oath and the instructions of the court. *Gonzales*, 353 S.W.3d at 831–32.

- 4 -

"To show error in a trial court's grant of [the] [S]tate's challenge of a potential juror for cause, a defendant must demonstrate one of two things: (1) the trial judge applied the wrong legal standard in sustaining the challenge, or (2) the trial judge abused his discretion in applying the correct legal standard." *Williams v. State*, 417 S.W.3d 162, 173 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Jones v. State*, 982 S.W.2d 386, 388 (Tex. Crim. App. 1998)). "The erroneous excusing of a potential juror will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." *Williams*, 417 S.W.3d at 173 (citing *Jones*, 982 S.W.2d at 394).

### 1. *Venire Member Number 8*

Pardo first argues, with regard to venire member number 8, that the bias of a juror is not dependent on whether a potential juror is merely "for one side or the other." However, venire member number 8's responses and admissions went beyond being "for one side or the other." When specifically asked if he was biased against the District Attorney's office because of its handling of a prior case involving his son, he said, "Yes." The trial court followed up on the venire member's response, asking for clarification: "What you said, sir, is that you would be biased against the State in this trial. That's what you said, right?" The venire member replied, "That is correct." The venire member was then questioned by Pardo's attorney, who explained his case was nothing like the case involving the venire member's son. Pardo's attorney then asked if the venire member could follow the trial court's instructions, the law, and apply the evidence to the law. The venire member responded, "Probably not." Pardo's attorney then asked if the venire member could be certain one way or the other, and the venire member said he could not. Because bias against one side or the other is a proper ground for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 8. *See* TEX. CODE CRIM. PRO. ANN. art. 35.16(a)(9).

As to the failure to allow Pardo to rehabilitate the potential juror, Pardo's attorney was permitted to question venire member number 8, and the venire member persisted in his statement of bias against the State. In fact, it was during the attempted rehabilitation by Pardo's attorney that venire member number 8 fully expressed his bias against the State, admitting he could not follow the court's instructions or the law. We cannot say the trial court abused its discretion in foreclosing additional attempts at rehabilitation.

With regard to the request for an additional peremptory strike because of the challenge for cause relating to venire member number 8, we have already determined the trial court did not err in granting the State's challenge for cause. Admittedly, when a trial court makes an erroneous ruling on a defendant's challenge for cause, the defendant is harmed because he has been effectively denied one of his statutorily allotted peremptory challenges. *Gonzalez*, 353 S.W.3d at 831. Here, however, the trial court properly granted the State's challenge for cause. Thus, Pardo was not deprived of any of his allotted peremptory challenges — he had the same number of challenges left when venire member number 8 was dismissed as he had before venire member number 8 was dismissed. *See id.* Accordingly, there was no need to award Pardo additional peremptory challenges.

### 2. *Venire Member Number 17*

As to venire member number 17, Pardo contends that statements made by venire member 17 during voir dire did not equate to "bias or prejudice against the law upon which the State is entitled to rely." *See* TEX. CODE CRIM. PRO. ANN. art. 35.16(c)(2). After reviewing the record, the essence of the statements made by venire member number 17 was that he could not follow the law because he could not sit in the judgment of another person. When asked whether he would follow the law and apply the law to the facts, venire member number 17 expressed that he absolutely could not do it. Thus, venire member number 17 expressed prejudice, in essence, against all phases

of the applicable law. Because bias or prejudice against any law upon which the State intends to rely is a proper ground for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17. *See Gonzales*, 353 S.W.3d at 831.

As to the failure to allow Pardo's attorney to rehabilitate the potential juror, just as with venire member number 8, Pardo was permitted to question venire member number 17, and he again expressed his discomfort with judging another. Thus, we cannot say the trial court abused its discretion in refusing to permit Pardo further attempts at rehabilitation.

And, as before, with regard to the request for an additional peremptory strike, because we have held the trial court did not err in granting the State's challenge for cause as to this second potential juror, Pardo was not deprived of any of his allotted peremptory challenges. *See Gonzalez*, 353 S.W.3d at 831. Thus, there was no need for the trial court to award Pardo additional peremptory challenges. *See id.*

### Conclusion

Having reviewed the entire record of the voir dire proceedings, we conclude the trial court did not abuse its discretion in granting the challenges for cause based on the provisions of the Code cited above. Furthermore, Pardo was not entitled to additional peremptory strikes based on the granting of the challenges for cause. Accordingly, we overruled Pardo's first and second issues.

### *Admission of Evidence — Rule 403*

In his final issue, Pardo contends the trial court erred in admitting the testimony of the Department caseworker because it violated Rule 403 of the Texas Rules of Evidence.[1] Prior to

---

[1] We note that in his appellate brief, Pardo cites Rule 404(b) of the Rules of Evidence, which governs the admissibility of extraneous offense evidence. *See* TEX. R. EVID. 404(b) (stating evidence of other crimes, wrongs or acts is not admissible to prove character of person to show action in conformity therewith, but may be admissible for other purposes). However, after reviewing his brief, we conclude that Pardo is challenging only the admissibility of the

conducting any substantive analysis, we note that the State contends this error was not preserved for this court's review. We agree.

## *Preservation of Error*

Pardo alleges that after his Rule 403 objection, and before any medical witness testimony, the jurors were "conditioned to believe that [he] was a danger to the child." Specifically, he contends evidence was improperly admitted regarding the Department's suspicion that he abused O.M., as well as evidence relating to the Department's requirement that O.M.'S mother keep her children away from Pardo. However, Pardo fails to note that during the Department caseworker's testimony, the same evidence he later complained of, and complains of now on appeal, was admitted, *without objection.* Before Pardo lodged any objection, the Department caseworker testified O.M. "was removed for physical abuse." She also testified that Pardo, "the mother's paramour," was suspected of abusing the child. Additionally, she testified about the Department's investigation and the family plan in place for the mother to achieve reunification. Still further, she testified that one requirement in the family plan was that "[O.M.'s mother] was not allowed to let the children have access to Mr. Pardo." The trial court, having heard this unobjected to evidence, concluded, "[s]ince the issue of termination has already been brought forward before the jury, I'll let the State inquire as to why the termination occurred."

"An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509. (Tex. Crim. App. 2003). Here,

---

caseworker's testimony based on Rule 403 of the Texas Rules of Evidence. Even if we were to conclude Pardo presented argument in his brief with regard to Rule 404(b), we would hold Pardo did not preserve this issue for our review because he failed to make a Rule 404(b) objection at trial. The trial court concluded Pardo's objection was based on Rule 403, stating, "I'm conducting a 403 balancing test and I'll allow the testimony. . . ." Pardo did not attempt to correct the trial court's conclusion or otherwise object based on Rule 404(b). An argument on appeal that does not comport with the objection at trial is waived. *Lyssy v. State*, 429 S.W.3d 37, 40 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)).

Pardo failed to object to the same testimony he later claimed was more prejudicial than probative. Thus, we hold any error by the trial court in admitting the objected-to testimony was cured. Accordingly, we hold Pardo has failed to preserve this issue for our review. However, even if Pardo had preserved error, we nevertheless would hold the trial court did not err in admitting the evidence over his Rule 403 objection.

### Standard of Review

We review a trial court's decision to admit extraneous offense evidence over a Rule 403 objection under the abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse, and the ruling must be upheld. *Id.* at 343–44 (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). If the trial court's ruling is correct on any legal theory, it will be upheld. *De La Paz*, 279 S.W.3d at 344.

### Applicable Law

Rule 403 favors the admission of relevant evidence. *Aragon v. State*, 229 S.W.3d 716, 724 (Tex. App.—San Antonio 2007, no pet.). Moreover, the rule presumes relevant evidence is more probative than prejudicial. *Id.* Relevant evidence tends to make facts that are significant to a determination of guilt more or less likely than they would be if the evidence did not exist. *See Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); TEX. R. EVID. 401. Nevertheless, even relevant evidence must be excluded under Rule 403 if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403; *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Evidence is inadmissible under Rule 403 when it suggests the fact finder should make a decision on an improper basis. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000).

- 9 -

In determining a Rule 403 issue, we must consider the probative value of the evidence, its potential to improperly affect the jury, the time the State uses to develop the evidence, and the State's need for the evidence. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *see Gigliobianco,* 210 S.W.3d at 641–42. With these factors in mind, we begin our analysis.

*Application*

During the State's questioning of the Department caseworker, Pardo objected to the probative value of the caseworker's testimony as opposed to its potential prejudicial effect. Out of the presence of the jury, the court conducted an *in camera* hearing to determine the boundaries of the proposed testimony. The trial court conducted a Rule 403 balancing test and concluded the evidence outlining the Department's investigation into the abuse of O.M. and the termination of his mother's parental rights was more probative than prejudicial. Pardo contends this testimony was highly prejudicial because it creates a presumption of guilt based on extraneous offenses. We hold the trial court did not err in admitting the caseworker's testimony.

As we noted in our analysis of the waiver issue, the evidence Pardo claims violates Rule 403 is simply a development of evidence already heard by the jury. Because the evidence was so substantially similar to evidence already admitted, we cannot conclude the evidence had the potential to improperly affect the jury. Additionally, the trial court could have reasonably determined that evidence developed from previously admitted testimony, which was directly related to circumstances surrounding the abuse of O.M., was probative. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42. The testimony established Pardo's restricted access to O.M., and his involvement in the Department's investigation into the alleged abuse of O.M. We cannot say that in a case where the defendant is on trial for injury to a child, the trial court abuses its discretion in finding evidence relating to the Department's investigation into that precise set of circumstances is relevant.

Furthermore, this evidence was submitted to establish the continuing nature of the abuse that ultimately led to the termination of the mother's parental rights based on her failure to prevent Pardo's access to O.M. The need for the State to establish the continuing abuse of O.M. was important in dispelling reasonable doubt that could arise from Pardo's explanation of the cause of O.M.'s initial injury. Thus, the State's need for the Department caseworker's testimony was significant. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42.

Finally, the time needed to develop the evidence of Pardo's involvement in the Department's investigation into the abuse of O.M. was *de minimis*. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42. The State, in approximately two pages of testimony, questioned the caseworker about the Department's investigation and established that the reason for the termination of the mother's parental rights was because she continued to allow Pardo unsupervised access to O.M. The testimony of the caseworker and the arguments of the parties regarding that testimony comprised, at most, seven pages of the three volume record, which included nearly two hundred pages of testimony. Accordingly, we hold the evidence relating to the Department's investigation into Pardo's abuse of O.M. clearly did not consume an inordinate amount of time. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42; *cf. Newton v. State*, 301 S.W.3d 315, 320–21 (Tex. App.—Waco 2009, pet. ref'd) (discussing amount of time needed to develop complained of evidence).

After reviewing the probative value of the evidence relating to the caseworker's testimony, its potential effect on the jury, the State's need for the evidence, and the time taken by the State to develop it, we hold the trial court's decision to admit the evidence relating to the caseworker's testimony was not outside the zone of reasonable disagreement.

## CONCLUSION

Based on the foregoing, we overrule Pardo's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-13-00530-CR

Oscar David **PARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5260
Honorable Ron Rangel, Judge Presiding

BEFORE JUSTICE MARION, JUSTICE BARNARD, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's judgment is
AFFIRMED.

SIGNED December 17, 2014.

_Marialyn Barnard_
Marialyn Barnard, Justice



# COURT OF APPEALS

| | | |
|---|---|---|
| SANDEE BRYAN MARION<br>  CHIEF JUSTICE<br>KAREN ANGELINI<br>MARIALYN BARNARD<br>REBECA C. MARTINEZ<br>PATRICIA O. ALVAREZ<br>LUZ ELENA D. CHAPA<br>PLACE 6 (VACANT)<br>  JUSTICES | FOURTH COURT OF APPEALS DISTRICT<br>CADENA-REEVES JUSTICE CENTER<br>300 DOLOROSA, SUITE 3200<br>SAN ANTONIO, TEXAS 78205-3037<br>WWW.TXCOURTS.GOV/4THCOA.ASPX | KEITH E. HOTTLE<br>CLERK OF COURT<br><br>TELEPHONE<br>(210) 335-2635<br><br>FACSIMILE NO.<br>(210) 335-2762 |

January 8, 2015

Barry P. Hitchings
Hitchings & Pollock
645 South Presa
San Antonio, TX 78210
* DELIVERED VIA E-MAIL *

Laura E. Durbin
Assistant Criminal District
Attorney
101 W. Nueva, Suite 370
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   04-13-00530-CR
      Trial Court Case Number:   2011CR5260
      Style:  Oscar David Pardo
              v.
              The State of Texas

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220



# Fourth Court of Appeals
## San Antonio, Texas

January 8, 2015

No. 04-13-00530-CR

Oscar David **PARDO**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5260
Honorable Ron Rangel, Judge Presiding

# O R D E R

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

The panel has considered the Appellant's Motion for Rehearing, and the motion is DENIED.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of January, 2015.

_____
Keith E. Hottle
Clerk of Court